KAWASHIMA LAW GROUP LLLC

JARED N. KAWASHIMA    6289
CHRISTIN D. WEHRSIG   10038
1000 Bishop Street, Suite 908
Honolulu, Hawaii 96813
Telephone: (808) 524-0030
Facsimile: (808) 369-8396
E-mail: jared@klghawaii.com

Attorney for Plaintiffs
TRUSTEES OF THE PAMCAH-UA
LOCAL 675 TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PAMCAH-UA LOCAL 675 PENSION FUND, by its Trustees, Reginald V. Castanares, Jr., Valentino B. Ceria, Matthew J. Brady, Kent A. Matsuzaki, Mark K. Suzuki, Samuel T. Fujikawa; PAMCAH-UA LOCAL 675 ANNUITY FUND, by its Trustees, Reginald V. Castanares, Jr., Valentino B. Ceria, Matthew J. Brady, Kent A. Matsuzaki, Mark K. Suzuki, Samuel T. Fujikawa; PAMCAH-UA LOCAL 675 HEALTH & WELFARE FUND, by its Trustees, Reginald V. Castanares, Jr., Valentino B. Ceria, Matthew J. Brady, Kent A. Matsuzaki, Mark K. Suzuki, Samuel T. Fujikawa; PAMCAH-UA LOCAL 675 VACATION & HOLIDAY FUND, by its Trustees, Reginald V. Castanares, Jr., Valentino B. Ceria, Matthew J. Brady, Kent A. Matsuzaki, | CIVIL NO. 14-00421 JMS BMK

FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST HUALALAI MECHANICAL LLC AND CLYDE SAKATA

(Caption continued on next page) |

| | |
|---|---|
| Mark K. Suzuki, Samuel T. Fujikawa; PAMCAH-UA LOCAL 675 TRAINING FUND, by its Trustees, Reginald V. Castanares, Jr., Valentino B. Ceria, Matthew J. Brady, Kent A. Matsuzaki, Mark K. Suzuki, Samuel T. Fujikawa; PAMCAH-UA LOCAL 675 COOPERATION FUND, by its Trustees, Reginald V. Castanares, Jr., Valentino B. Ceria, Matthew J. Brady, Kent A. Matsuzaki, Mark K. Suzuki, Samuel T. Fujikawa; and PLUMBING & MECHANICAL CONTRACTORS ASSOCIATION OF HAWAII, by and through their Administrator, FRANCIS CHUN,<br><br>        Plaintiffs,<br><br>  vs.<br><br>HUALALAI MECHANICAL LLC, a Hawaii limited liability company; CLYDE SAKATA, individually; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL AGENCIES 1-10, DOE TRUSTS 1-10,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST HUALALAI MECHANICAL LLC AND CLYDE SAKATA**

Before the Court is Plaintiffs PAMCAH-UA Local 675 Trust Funds, which include the Health and Welfare, Training, Pension, Annuity, Vacation & Holiday, and Cooperation Funds (hereinafter collectively referred to as "Plaintiffs") Motion for Entry of Default Judgment against Defendants Hualalai Mechanical LLC and Clyde Sakata. (Doc. 11.) Plaintiffs request that default judgment be entered, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, for $44,025.11 in delinquent contributions, $8,787.75 in liquidated damages, $530.50 in administrative fees, $6,068.11 in amounts owed under a promissory note, $3,217.50 in attorneys' fees, $499.34 in costs, and $153.59 in Hawaii General Excise Tax, for a total judgment in the amount of $63,281.90. (Doc. 11-1 at 12.)

This matter came on for hearing on January 14, 2015. (Doc. 13.) Appearing on behalf of Plaintiffs was Christin D. Wehrsig. Defendants Hualalai Mechanical LLC and Clyde Sakata did not make an appearance or otherwise defend against Plaintiffs' Motion. (See id.) The Court ordered Plaintiffs' counsel to submit a Supplemental Affidavit justifying the amount of attorneys' fees requested. (Doc. 13.)

On January 28, 2015, Plaintiffs' counsel submitted a Declaration requesting an amended fees and costs amount of $5,620.51, of which $4,831.50 were for attorneys' fees, $561.35 for costs, and $227.66 in Hawaii General Excise Tax. (Doc. 14 at 4, ¶ 9.) After a $10.00 reduction for a billing discrepancy, the total

3

amount requested for attorneys' fees and costs is $5,610.51.  (Doc. 14 at 4, ¶¶ 10-11.)  Plaintiffs' counsel also indicated that no further payment on the promissory note had been made, and adding interest accrued through January 28, 2015, now seeks an amended balance on the promissory note in the amount of $6,130.69.  (Doc. 14 at 4, ¶ 13.)  Thus, based on these amended requests, Plaintiffs seek an entry of default judgment against Defendants Hualalai Mechanical LLC and Clyde Sakata in the amount of $65,084.56.

After careful consideration of the Motion, the declarations, exhibits, and the record established in this action, the Court finds and recommends that Plaintiffs' Motion be GRANTED IN PART AND DENIED IN PART.  As discussed more thoroughly below, this Court recommends that judgment be entered in favor of Plaintiffs in the amount of $55,932.32.

## BACKGROUND

On September 17, 2014, Plaintiffs filed a Complaint seeking judgment for outstanding trust fund contributions and damages against Defendant Hualalai Mechanical LLC and Defendant Clyde Sakata (hereinafter, collectively "Defendants"), alleging that Defendant Hualalai Mechanical LLC ("Defendant Hualalai") materially breached the Labor Management Agreement and Related Documents effective July 6, 2014 by and between the Plumbing & Mechanical Contractors Association of Hawaii and Local 675 of the United Association of

4

Journeyman and Apprentice Plumbers and Pipefitters of the U.S. and Canada, AFL-CIO, which incorporated by reference the terms of various Trust Agreements (collectively, the "Bargaining Agreement").  Plaintiffs claimed that Defendant Hualalai failed to submit monthly contribution reports and full payments due on said reports, all notwithstanding demand by Plaintiffs.

    Plaintiffs allege Defendant Clyde Sakata ("Defendant Sakata") should be held liable for all judgments entered against Defendant Hualalai because he was a member or officer of Defendant Hualalai and the alter ego and/or mere instrumentality of Defendant Hualalai.  Additionally, Plaintiffs assert a claim for breach of fiduciary duty against Defendant Sakata, alleging that he is a fiduciary under ERISA because he exercised authority or control respecting management or disposition of plan assets.  Plaintiffs allege that Defendant Sakata breached his fiduciary duties by intentionally failing to report and/or pay the required contributions.  Plaintiffs ask for a monetary award against Defendants and the imposition of a constructive trust on the assets of Defendants.

    The Complaint also alleges that Defendant Hualalai signed a promissory note for delinquent contributions for the months of June and July 2013 and liquidated damages for the months of March through August 2013, plus interest at a rate of six percent per annum, and that Defendant Clyde Sakata signed a personal guaranty of the sums owed under the promissory note.  Plaintiffs claim Defendant

Hualalai and Defendant Sakata failed to make payments according to the terms of the promissory note.

This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980. Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 1145 and 1132(a) and (f).

Service of process of the Complaint was made on Defendant Hualalai on September 29, 2014, as evidenced by the Proof of Service filed herein on October 6, 2014.

Service of process of the Complaint was made on Defendant Sakata on September 29, 2014, as evidenced by the Proof of Service filed herein on October 6, 2014.

On October 24, 2014, default was entered against Defendants due to said Defendants' failure to answer or otherwise defend on the Complaint.

On November 26, 2014, Plaintiffs filed a Motion for Entry of Default Judgment Against Hualalai Mechanical LLC and Clyde Sakata ("Motion") seeking an award of the sum $63,281.90, which includes delinquent contributions owed in the amount of $44,025.11, liquidated damages in the amount of $8,787.75, administrative fees in the amount of $530.50, a promissory note balance of

$6,068.11, and legal fees and costs in the amount of $3,870.43.  (Doc. 11-1 at 11-12.)

Plaintiffs' Motion for Entry of Default Judgment was accompanied by the Declaration of Francis Chun in support of the damages sought by Plaintiffs.  The Declaration of Jared N. Kawashima also accompanied the Motion for Entry of Default Judgment in support of the attorneys' fees and costs requested.

Defendant Hualalai was served with a copy of the Motion but did not file an opposition or otherwise respond to the Motion.  Defendant Sakata was also served with a copy of the Motion but did not file an opposition or otherwise respond to the Motion.  The Motion was heard on January 14, 2015, with appearances by Christin D. Wehrsig on behalf of Plaintiffs, and no other party making an appearance.

Having reviewed the Motion, the declarations, exhibits, and the record established in this action, the Court finds and concludes as follows:

1.	On June 13, 2002, Local 675 of the United Association of Journeymen and Apprentice Plumbers and Pipefitters of the United States and Canada ("Union") and Defendant Hualalai executed an agreement wherein Defendant Hualalai agreed to abide by the collective bargaining agreement with the Union (the "Bargaining Agreements").

2.	The Bargaining Agreements incorporate by reference trust agreements for Trust Funds.

3. Trust Funds are third party beneficiaries of the Bargaining Agreements.

4. Each of the Plaintiffs was and is an express trust created by a written trust agreement subject and pursuant to 29 U.S.C. § 186 and a multiemployer plan within the meaning of 29 U.S.C. §§ 1002 and 1003.

5. Defendant Hualalai is a Hawaii limited liability company with its principal place of business in the State of Hawaii.

6. Defendant Sakata is a resident of the State of Hawaii and an officer of Defendant Hualalai.

7. Defendant Hualalai breached the Bargaining Agreement and is liable to the Plaintiffs by its continuous failure to perform the terms of the Agreements, including: 1) failure to pay the full contribution amounts to Plaintiffs for the period of April 2013 through September 2014; 2) failure to pay Plaintiffs' administrative fees incurred to administer the terms of the Bargaining Agreements for the period of September 2011 through September 2014; and 3) failure to pay the Plaintiffs their reasonable attorneys' fees and costs incurred in enforcing the terms of the Bargaining Agreement.

8. Defendant Sakata was the alter ego and/or mere instrumentality of Defendant Hualalai, and as such, Defendant Sakata is liable for all judgments entered into against Defendant Hualalai.

9. Defendant Sakata is a fiduciary under ERISA because he exercised authority or control respecting management or disposition of plan assets.

10. Defendant Sakata breached his fiduciary duty by intentionally failing to report and/or pay the required contributions, and as such, Defendant Sakata is liable for all judgments entered into against Defendant Hualalai.

11. Defendant Hualalai signed a Promissory Note on October 31, 2013, for delinquent fringe contributions in the amount of $13,065.26 and liquidated damages in the amount of $4,249.08, for a total amount owed of $17,314.34 .

12. Defendant Sakata signed a Personal Guaranty to the Promissory Note on October 31, 2013.

13. Defendants breached the terms of the Promissory Note and Personal guaranty by failing to make payments according to the terms of the Promissory Note.

14. The principal balance of the Promissory Note is $6,045.25 with interest accruing at 6% per annum. As of January 28, 2015, the interested owed on the Promissory Note is $88.44.

15. Defendants have not sought to set aside the default in this action.

16. The billing rates for attorneys are $250.00 for partner Jared N. Kawashima, and $185.00 for associate Christin D. Wehrsig. The billing rate for paralegals is $95.00. The Court finds that these rates are reasonable.

17. Based on the Declaration of Jared N. Kawashima filed on January 28, 2015, (Doc. 14), Plaintiffs request attorneys' fees in the amount of $4,831.50 for 4.3 hours expended by Jared N. Kawashima at a rate of $250.00 per hour, 19.4 hours expended by Christin D. Wehrsig at a rate of $185.00 per hour, and paralegal work for 0.5 hours at a rate of $95.00 per hour. (See Doc. 14-1 at 1-2.)

18. Although the Court finds that Plaintiffs' requested billing rate for Christin D. Wehrsig of $185.00 is reasonable, the Court finds five instances whereby a billing rate of $195.00 is applied. (Doc. 14-1 at 1.) This work should be properly billed at a rate of $185.00 per hour; and therefore, the Court finds that a deduction of $120.00 from the attorneys' fees requested is proper, in order to correctly reflect a billing rate of $185.00 for Associate Christin D. Wehrsig.

19. At the hearing on Plaintiffs' Motion, held on January 14, 2015, Plaintiffs were ordered to prepare Proposed Findings and Recommendations. Plaintiffs now seek $1,165.50 in fees related to 6.3 hours of work performed by Associate Christin D. Wehrsig in preparing Proposed Findings and Recommendations. (See Doc. 14-1 at 1-2.) Inasmuch as the Proposed Findings and Recommendations are largely cut and pasted from prior pleadings, the Court reduces the time requested in conjunction with preparing the Proposed Findings and Recommendations to 5.0 hours, thus reducing Plaintiffs' fee request by $240.50.

20. The Court finds that Plaintiffs are reasonably entitled to $4,471.00 in attorneys' fees for legal work performed in conjunction with this case; the Court also finds that Plaintiffs are entitled to $210.67 in Hawaii General Excise Tax on this amount.

21. The Court finds that Plaintiffs are entitled to the reimbursement of costs in the amount of $561.35.

22. Thus, the Court finds that attorneys' fees and costs in the amount of $5,243.02 (fees in the amount of $4,471.00, general excise tax in the amount of $210.67, and costs in the amount of $561.35) are reasonable.

23. The Court finds that the liquidated damages sought by the Plaintiffs in the amount of $8,787.75 is unreasonable and denies Plaintiffs' request for liquidated damages.

24. Thus, there is known to be due, owing and unpaid to the Plaintiffs from Defendant:

| | |
|---|---|
| 1. Contributions (April 2013 through September 2014)………..... | $ 44,025.11 |
| 2. Administrative Fees (September 2011 through September 2014)…………………….…............. | $     530.50 |
| 3. Promissory Note ……………………………… | $  6,133.69 |
| 4. Legal Fees, Costs, GET……………………….. | $  5,243.02 |
| TOTAL ………….. | $ 55,932.32 |

\\

\\

## CONCLUSION

The Court hereby RECOMMENDS that Default Judgment be granted in favor of Plaintiffs PAMCAH-UA LOCAL 675 PENSION FUND, ANNUITY FUND, HEALTH & WELFARE FUND, VACATION & HOLIDAY FUND, TRAINING FUND, COOPERATION FUND, and PLUMBING & MECHANICAL CONTRACTORS ASSOCIATION OF HAWAII for a money judgment against Defendants Hualalai Mechanical LLC and Clyde Sakata in the amount of $55,932.32.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, January 29, 2015.



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Trustees of the PAMCAH-UA Local 675 Trust Funds v. Hualalai Mechanical LLC, et al., Civ. No. 14-00421 JMS-BMK, FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST HUALALAI MECHANICAL LLC AND CLYDE SAKATA